Mark A. Hendrix
Texas Bar No. 09460500
Krage & Janvey, L.L.P.
2100 Ross Avenue, Suite 2600
Dallas, TX 75201
Telephone: 214-397-1905
Facsimile: 214-220-0230
mhendrix@kjllp.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| MOIR WATERSHED SERVICES, LLC, §<br><br>Plaintiff, §<br><br>V. §<br><br>THE CITY OF DALLAS, GOOD §<br>EARTH CORPORATION, §<br>KIMBERLY FRANKLIN, TIMOTHY §<br>GRAHAM, JON TAYLOR-BROWN, §<br>BOBBY CANO, BEN COLLINS, and §<br>LASONNUIA SLOAN, §<br><br>DefendantS. §<br> § | CIVIL ACTION NO.<br><br>_____ |

## COMPLAINT

Comes now Moir Watershed Services, LLC ("Plaintiff") and files this Complaint against Defendants The City of Dallas, Good Earth Corporation, Kimberly Franklin, Timothy Graham, Jon Taylor-Brown, Bobby Cano, Ben Collins, and Lasonnuia Sloan ("Defendants") and in support thereof would respectfully show the Court the following:

### I.   JURISDICTION

1.      This Court has jurisdiction under 28 U.S.C.A. Section 1331 in that there is a federal question and supplemental jurisdiction pursuant to same.

Page 1

## II.    VENUE

2.    This Court has venue under 28 U.S.C.A. Section 1391(b)(1) and (2) in that the defendants reside in this state and a substantial part of the events or omissions giving rising to the claims occurred in this state.

## III.    PARTIES

3.    Plaintiff resides at 4134 FM 66, Waxahachie, Texas 75167.

4.    The City of Dallas resides in Dallas, Texas and can be served with process through its City Attorney's office at 1500 Marilla Street, Room 7DN, Dallas, Texas 75201.

5.    Good Earth Corporation can be served through its registered agent, Emily Points, at 7922 Forney Road, Dallas, Texas 75227.

6.    Kimberly Franklin can be served at 1500 Marilla Street, Room 3FN, Dallas, Texas 75201.

7.    Timothy Graham resides in Frisco, Texas  and can be served at 10708 Alexandria Drive, Frisco, Texas 75035.

8.    Jon Taylor-Brown resides in DeSoto, Texas and can be served at 717 Havencrest Drive, DeSoto, Texas 75115.

9.    Bobby Cano resides in Dallas, Texas and can be served at 3122 Canton Street, Suite 200, Dallas, Texas 75226.

10.    Ben Collins resides in Dallas, Texas and can be served at 3202 Canton Street, Dallas, Texas 75226.

11.    Lasonnuia Sloan resides in Dallas and can be served at 9403 Mayblossom Way, Dallas, Texas 75217.

## IV.    STATEMENT OF FACTS

12.    Beginning in 2002, the City of Dallas began a bidding process to award bids to contractors for various services.  These projects included, but were not limited to, mowing contracts, flood water control, and maintenance of city parks and entertainment facilities run by the City for profit.  These contracts were substantially awarded to one company, Good Earth

Corporation. These bids were awarded through the actions of the individual defendants named herein.

13.    Ab initio the bid process was flawed insofar as Good Earth was allowed to bid on potential contracts for which it did not have the required equipment. Potential bidders were told in a pre-bid meeting by the representative of the City of Dallas that an amphibious excavator was required for bidding on the flood control and abatement contract and that no bid should be submitted unless the bidding entity possessed or owned an amphibious excavator. It was known by the City of Dallas at the time of the bid submissions that Good Earth did not own an amphibious excavator but it was allowed to bid on the contract regardless.

14.    In addition, reviewing the evaluator's evaluations of the various bidders on the projects in question shows that the evaluators did not take into consideration the history nor the performance of other bidders, including Plaintiff, and such evaluations failed in all respects to allow a competitive bid process to occur.

15.    Regardless of Good Earth's bidding on contracts that it was not entitled to bid on as well as its poor performance in the past, it was given basically all of the contracts in question to the exclusion of more competent companies and companies that possessed the requisite equipment. It will be shown that several companies did not bid on the contracts in question because they did not possess the equipment outlined in the pre-bid meeting by the representatives of the City of Dallas.

16.    Even further, from the very beginning, Good Earth's performance was substandard and at some points Good Earth was unable to keep up with the required work and subcontractors had to be retained. Nevertheless, Good Earth, unlike previous contractors who had performed to a substandard level, was allowed to continue with the contract and to fully bid on the second contract which will be discussed below.

17.    Beginning in 2025, the City of Dallas by and through its representatives have continued the anticompetitive nature of the bidding process when the time arose for the projects in question to be rebid. The City of Dallas changed its bidding requirements to allow Good Earth to

bid on the projects and, even more specifically, although Good Earth has done substandard work for the last three years, the City of Dallas added a new provision in the bidding process that its past performance would not be considered in awarding the new bids.

18.    In addition, the City of Dallas changed the bidding specifications to limit the number of companies that could bid on the projects and thereby giving Good Earth once again a competitive advantage.  An example of this is the requirement of a performance bond which was not previously required as well as changing the equipment requirements in the bid process.

19.    Therefore, the anticompetitive actions and improper bid process by the City of Dallas has been continuing throughout the last three years and continues to this date.

## V.    CAUSES OF ACTION

20.    **Violation of the Sherman Antitrust Act**.  The actions of the City of Dallas, Good Earth and its employees violate the Sherman Antitrust Act in that they are anticompetitive and constitute bid rigging as well as creation of a monopoly.

21.    **Violation of the Clayton Antitrust Act**.  The actions of the  City of Dallas, Good Earth and its employees constitute a violation of the Clayton Antitrust Act in that it creates an anticompetitive environment and constitutes bid rigging and other violations of the Act.

22.    **Ultra Vires**.  The actions of the employees of the City of Dallas constitute  ultra vires in that they were acting outside of their scope of responsibility and creating an unmanageable and unworkable anticompetitive situation for the bidders and potential bidders in question.

23.    **Violation of the Texas Tort Claims Act**.  The actions of the Defendants constitute a violation of the Texas Tort Claims Act contained at Civil Practices and Remedies Code Chapter 101.001, *et seq*.  Proper notice has been sent and a violation of this statute constitutes a waiver of sovereign immunity by the City of Dallas and waives its immunity for its governmental functions. In addition, it is being sued for proprietary functions for which it has no immunity.

## VI.    REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that it receive its general and special damages . These damages exceed $75,000 and that it have an injunction against the City of Dallas for the ultra vires claims and that the current bid process be reworked to allow for a competitive bidding process and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

Mark A. Hendrix
Texas Bar No. 09460500
Krage & Janvey, L.L.P.
2100 Ross Avenue, Suite 2600
Dallas, TX 75201
Telephone: 214-397-1905
Facsimile: 214-220-0230
mhendrix@kjllp.com

ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues in this complaint.

Dated: December 4, 2025.

Mark A. Hendrix
Texas Bar No. 09460500
Krage & Janvey, L.L.P.
2100 Ross Avenue, Suite 2600
Dallas, TX 75201
Telephone: 214-397-1905
Facsimile: 214-220-0230
mhendrix@kjllp.com

ATTORNEY FOR PLAINTIFF